taken under advisement. The fifth case for argument this morning is United States v. Well, we will give the prosecutor a chance to change his mind. May it please the court. My name is Daniel Hillis, I represent Mr. Townsend. The seriousness of the crime cannot be a basis to impose the term of supervised release. This court has said that in Wiltshire 91 F. 4th A. 873. Wiltshire said it can't be the sole basis because retribution is not authorized as a reason for supervised release. You seem to want to extend that to the rule that it can't be considered at all. Primary reason. Well, all the same. Supervised release is a form of incapacitation by imposing supervision. Why isn't the seriousness of the offense important to the goal of incapacitation? Wiltshire spoke to this. I'm not asking about Wiltshire, I'm asking you why it isn't important to figuring out how much supervision a person needs. So supervised release serves a different function than incarceration, which is truer incapacitation. We have more freedom that is in supervision. The length of the term is certainly a facet of that. So for us to then diverge back into notions of incapacitation that require additional limitations seems inconsistent with that as a theory. So, penally, we impose sentence as limiting somebody who needs such protection to keep them out of circulation, out of the public. When you're in supervision, you have far more freedom, you're not incarcerated. You only need the basic limitations necessary to ensure public safety. The seriousness of the offense is already accounted for in the term of imprisonment. The seriousness of the offense is certainly less of an issue. Less of an issue, but you don't want it to be any issue. Figuring out what kind of protection the public needs, how can a judge do that without considering the seriousness of the crime? Sure. So it's not that the judge can't consider it. We have all sorts of cases in sentencing context where we talk about substantive reasonableness, where a sentence is substantively unreasonable if the judge places undue emphasis on one factor and it's disproportionate relative to 33A factors considerations, which are supposed to, as a whole, inform what the sentence is. So this is not a unique position. It's not even unique to supervision. But it is an important limitation. I think that if we were to move forward and to say, let's consider Wiltshire, then how would this case not fall within Wiltshire and result in the remand that Wiltshire said was appropriate when we have the same judge, same crime, basically same facts, same 10-year term of supervised release, it should be the same result under Wiltshire. It's because of the sole primary questions that Judge Easterbrook was posing to you. That's a matter of degree that's come into play into this case. Sure. But those were present also in Wiltshire. It's not unique to this case. So Wiltshire would have considered those same things, and Wiltshire turned out the way that it did. And if we have marching orders in the form of Wiltshire, I hope that I'm following them, but otherwise I'm going to be up here trying to tell the court that Wiltshire applies and the court can tell me that no, Wiltshire doesn't, it's different, but it's not apparent to me based on Wiltshire how, given what I just said about same judge, same crime, basically the same facts, over-reliance at least on seriousness of the offense would seem to still result in a remand here under Wiltshire. I'm trying to understand how a sentencing court could not take seriousness of the offense into account  in part. Make it a small part. Don't make it the big part. Don't make it the biggest part. Isn't that the discretionary call of the sentencing judge, though? No, because then Wiltshire turns out differently than it did. So there's a limitation. You cannot use seriousness of the offense as the primary motivating factor to determine a 10-year term of supervised release because if you could, Wiltshire doesn't come out the way that it does. Well, here Judge Shadid has a range of 120 to 121 months, right? And he's got a range of five-year supervised release and 20-year supervised release. He seems to pick pretty much the middle, 120 and 10. Sure. But it's the justification that matters. No. It's not the number. It's the justification. So under Wiltshire, again, over-emphasis on the seriousness of the offense means that we have an infirm result. Well, Wiltshire talks about exclusive. Are you suggesting we read it as so let's say we agree with you that the court relied primarily on seriousness of the offense. If Wiltshire is requiring exclusive reliance, where's the issue? Because I don't think that we can really read the cases to reach a different result to say that Wiltshire said exclusive, and here this, which all reads much the same as Wiltshire, is something less than exclusive. So I would cede to Judge Easterbrook his point, but Wiltshire then maybe isn't talking about exclusivity. It's talking about whether something is the primary mover. I see. I see your argument. Now, can you address the different language this same judge used? It is the same judge. But in Wiltshire, he explicitly says seriousness of the offense. Here he says you're a danger to the public. And danger is a factor he can consider. So you've got to address it. I think we're able to do that here because when we read a book, we don't look at the chapter heading and ignore what the contents are of the paragraphs that follow. When we read a statute, we don't look at something just at the title. We look at what the content is that follows. And so the government has emphasized how we are in a different category in its view because it wants just to look at the heading. What's the leaping off point? And I say that that's fine. That's one part of it. But look to what the judge explains next, and then it doesn't matter that they use the word seriousness in one case and didn't in another if all of the resulting explanation shows that it's about the seriousness of the offense that motivates the 120-month, the 10-year term of supervision. Otherwise, we're being a bit formalistic, and I've been accused of being formalistic for my own good sometimes, but I will insist now that we shouldn't be formalistic because for my client's purposes and his freedom, 120 months is a big deal, and we have a problem like we would have in Wiltshire. So with that, I reserve the balance of my time. Thank you. Thank you. Mr. Kinstra. May it please the Court. Good morning, Your Honors. Jeff Kinstra on behalf of the United States. The district court didn't base its sentence or the term of supervised release on any inappropriate factors here. To the contrary, everything the court said in explaining the sentence of supervised release fit comfortably within the factors that the statute expressly directs courts to consider. The court noted the defendant's own history and characteristics, but the court explained that the defendant is a danger to the public, and it explained that finding by reference to the type of offense the defendant committed and the way the defendant went about committing it. So the district court was focused on the defendant's history and characteristics, the need to protect the public, and the nature and circumstances of the offense, all factors expressly cited in 3553 as things that courts should be considering in connection with supervised release. The defendant's reliance on Wiltshire and his attempt to frame the court as instead relying on the seriousness of the offense is misplaced both factually and legally. Factually, the court didn't rely on the seriousness of the offense as such to impose the term of supervised release. It considered the nature and circumstances of the offense in explaining why the defendant was a danger to the public, which in turn is a compelling reason for a term of supervised release. Can you tell us, looking at this transcript, why did the district court settle on 10 years supervised release as opposed to 5 or as opposed to 20 as sufficient but not greater than necessary because nothing about its comments about Mr. Townsend's dangerousness explains this. Did the district court adequately explain the chosen length of supervised release? It did. If I could begin by noting that that issue is waived on appeal. I'm still asking the question. Sure. So the answer is yes, it was sufficient. The court explained that the defendant was a danger to the public as shown by the type of offense he committed, the way he went about committing it. Now the court didn't give a mathematical calculation. It didn't say because this type of offense didn't offer a mathematical basis, but the fact that the defendant is a danger to the public is a very good reason for the term of supervised release that the court imposed. As your honors have also noted, it chose a sentence within the guidelines and statutory range, which was 5 years to life. The government requested a term of 20 years at the sentencing hearing. Defense counsel said nothing at all. Defense counsel was focused appropriately enough on the term of imprisonment and didn't respond to the government's request for a 20-year term at all. That was something the government said in its sentencing commentary as well as again at sentencing. And so the court had this request for 20 years before it with a statutory term and a guidelines term as well of 5 years to life, and it essentially split the difference. It gave the defendant, even though the defendant hadn't requested a shorter term, it imposed a sentence of 10 years instead of the 20-year term that the government requested. But given that the defendant himself didn't make any arguments as to supervised release, the court didn't need to say more than the fact that the defendant was a danger to the public. And to circle back, the government's position is that, in addition, the issue is not for this court because the defendant hasn't raised it on appeal. His opening brief is laser-focused on arguing that what the court did say was inappropriate, not that the court should have said other things as well. To your Honor's questions about Wiltshire and the role of the seriousness of the offense, this court has expressly held in cases like Clay and Armour and so on, the courts may consider the seriousness of the offense in imposing a term of supervised release so long as they rely primarily on the factors that 3583 cites. And the reason for that, as this court has explained, is that really there's not a lot of daylight. At least in terms of the nature and circumstances of the offense, which is something the statute expressly cites. How can you consider the nature and circumstances without considering the seriousness? As your Honors have also noted, the seriousness of the offense can be a core consideration when it comes to other factors like the need to specifically deter the defendant, the need to protect the public, the need to ensure that the defendant is actually receiving the rehabilitative treatment and resources that are available in a term of supervised release. And so it's certainly something that a court can consider. The circuit's case law has long held that. Wiltshire didn't hold to the contrary. It didn't purport to overrule any of those decisions. And so this court's settled precedent is that a court may consider the seriousness of the offense. But really, I think this case doesn't really even present that nuance because everything the court said was focused on factors that are cited in 3583 that the courts are directed to, including the need to protect the public and the nature and circumstances of the offense. So there was no procedural error here. Unless your Honors have any further questions, the government would ask this court to affirm. Thank you. Thank you, Counsel. Anything further, Mr. Hillis? Clay and Armour, the cases the government just cited as supporting what would be an effort to have affirmance here, those were specifically considered in Wiltshire, and yet Wiltshire found that there was not an avenue for affirmance, rather it determined that there should be a remand for resentencing. And it was because of the content of what the judge spoke about on the transcript there that was demonstrating his primary motivation, and that being the seriousness of the offense. And here, when we get past the heading problem, or whatever the signal word is that the government wants to say puts this case in a whole new category, we look and we find again, parallel with Wiltshire, that we have the same judge, the same tenure term of supervised release, the same concerns about the speed at which somebody responded to the opportunity to have sexual contact with a minor, the preparation involved. Those things all line up with concerns about seriousness. And so under Wiltshire, we reach again the same result. And to the extent the judge is wise and Solomonic in splitting the difference, his explanation still has to be correct. And if he overly relies on an improper factor, then it is not expensive or hard or anything like that to have a remand for the judge to give an explanation that does comport with Wiltshire. And I would say finally, I would love to see cases from this court that talk about the parsimony principle being a serious limitation on the term of supervision. It's just not there. So it's not as if I feel like there's any criticism on the subject for not raising the contention. But I think it is a very real contention. When we have tenure term of supervised release, for a lot of first-time offenders, why do we need to go so high instead of reaching for the low, right? Five years is a long time, too. But we just weren't in a position under the court's case law to contend with the district court's determination when it fit within the guideline range, when it fit within the statutory range. But I do think that it's a real concern. Thank you. Thank you, Mr. Hillis. The case is taken under advisement, and the court will take it.